UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 06-185M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| SANDRA MAAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>Offense charged</u>:

   Importation of a Controlled Substance

<u>Date of Detention Hearing</u>:   April 20, 2006

   The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

   <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

   (1)   Defendant is charged with importing approximately 3000 oxycodone pills into the

United States from Canada. The offense carries a potential maximum sentence of ten plus years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. §3142(e).

(2)     Defendant is a Canadian citizen, with dual citizenship in the Netherlands. She has no ties to the United States. She has no significant legitimate employment, although she is alleged to have admitted to case agents that she operates a house of prostitution in Vancouver, Canada. She has some mental health issues.

(3)     The AUSA proffers that the defendant has made 17 border crossings in 2.5 years, and was let in without inspection for one-third of those crossings by one particular Canadian Border Patrol agent. On the occasion of her arrest on this occasion, she allegedly placed a call to this agent prior to her crossing and that agent came over to vouch for the defendant when she was stopped. Due to this activity, there is currently an investigation being conducted on possible border corruption.

(4)     Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1)     Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)     Defendant shall be afforded reasonable opportunity for private consultation with

counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this <u>20th</u> day of April, 2006.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER                          15.13
18 U.S.C. § 3142(i)                      Rev. 1/91
PAGE 3